UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RAFAEL A. BATISTA-RAMOS,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil No. 08-1085 (JAF)

**OPINION AND ORDER**

Plaintiff Rafael Batista-Ramos brings this petition under 42 U.S.C. § 405(g), asking that we reverse and set aside Defendant Commissioner of Social Security's ("Commissioner") decision not to award Plaintiff social security disability benefits or, in the alternative, remand for a rehearing. Docket No. 4. Defendant opposes. Docket Nos. 9, 12.

**I.**

**Factual and Procedural History**

We derive the following facts from the parties' filings, Docket Nos. 4, 9, 12, and the transcript of the record in this case, Docket No. 8. As Plaintiff has not filed a memorandum of law, despite our order that he do so, we resolve this case without the benefit of his legal arguments.

Plaintiff, a high-school graduate, previously worked in the construction industry. Plaintiff applied for disability benefits on February 6, 2003, alleging an inability to work beginning October 10,

Civil No. 08-1085 (JAF)                                                      -2-

2002. Plaintiff claimed disability due to mental disorders and intestinal problems. The Social Security Administration ("SSA") denied the application initially and again on reconsideration. On March 26, 2004, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on November 14, 2006. On March 2, 2007, the ALJ found that Plaintiff was not disabled during the relevant time period because he remained able to perform work existing in significant numbers in the national economy. Plaintiff subsequently sought review of the ALJ's decision with the SSA Appeals Council, which declined review on November 16, 2007.

On January 18, 2008, Plaintiff filed the present action seeking review of the ALJ's decision or, alternatively, a remand for a de-novo hearing. Docket No. 4. Defendant filed a memorandum of law on July 14, 2008. Docket No. 12.

**II.**

**Analysis**

As Plaintiff has provided no legal arguments in support of his request for review, we necessarily limit our review to the question of whether substantial evidence supports the ALJ's decision.

The Social Security Act (the "Act") provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). We must, therefore, uphold the decision if we determine that substantial evidence supports it, even if we do not agree or would have reached

a different conclusion had we reviewed the evidence de novo. <u>Lizotte v. Sec'y of Health & Human Servs.</u>, 654 F.2d 127, 128 (1st Cir. 1981). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the] conclusion." <u>Irlanda Ortiz v. Sec'y of Health & Human Servs.</u>, 955 F.2d 765, 769 (1st Cir. 1991) (internal quotation marks omitted) (quoting <u>Rodríguez v. Sec'y of Health & Human Servs.</u>, 647 F.2d 218, 222 (1st Cir. 1981)).

An individual is disabled under the Act if he is unable to do his previous work or, "considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d). To make this determination, the ALJ must consider all of the evidence in the record. 20 C.F.R. § 404.1520(a)(3). Credibility issues and "[c]onflicts in the evidence are . . . for the [ALJ] - rather than the courts - to resolve." <u>Evangelista v. Sec'y of Health & Human Servs.</u>, 826 F.2d 136, 141 (1st Cir. 1987).

We find that substantial evidence in the record supports the ALJ's decision in this case. The ALJ considered progress notes from Plaintiff's treatment at the Mario Canales Health Center from July 3, 2002, through August 20, 2005, showing that Plaintiff had reported pain, vomiting, gastritis, fatigue, and shortness of breath. The evaluating internist diagnosed Plaintiff with a malingering disorder on December 20, 2004. Plaintiff underwent two gastroscopy reports

with biopsies on June 15, 2004, and July 21, 2005, resulting in a diagnosis of a gastrointestinal reflux disease, a hernia, and duodenitis.

The ALJ also considered a psychiatric evaluation by Dr. José Luis Galarza on November 6, 2003. Dr. Galarza observed that Plaintiff was able to manage funds, could take care of his personal hygiene, and was logical, coherent, and relevant. Dr. Galarza found that Plaintiff appeared moderately depressed and diagnosed him with undifferentiated schizophrenia. Dr. Galarza stated that Plaintiff remained calm with prescribed medications.

In addition, the ALJ reviewed progress notes from Community Cornerstone of Puerto Rico, Inc., for treatment between January 3, 2002, and August 18, 2006, which showed that Plaintiff was anxious and fidgety, but on subsequent visits was calm and cooperative. He was diagnosed with single episode major depression. Plaintiff was hospitalized on January 26, 2005, for delirium, hallucinations, and suicidal ideation, but his symptoms diminished and he became stable with treatment and medication. The ALJ also considered a neurological evaluation by Dr. Mayra Vera on April 10, 2006, which revealed no significant abnormalities.

The ALJ took into consideration the State Agency psychologists and psychiatrists' evaluation of the record which found Plaintiff's mental functional capacity to be, at worst, moderately limited in eleven out of twenty categories, not significantly limited in eight

Civil No. 08-1085 (JAF)                                              -5-

categories, and markedly limited only in his ability to carry out detailed instructions.

Finally, the ALJ also considered Plaintiff's testimony and behavior at the hearing, and concluded that while the medical evidence supported the symptoms alleged, the intensity, persistence, and limiting effects alleged by Plaintiff were not credible. The ALJ noted that there was nothing in the record indicating that Plaintiff was disabled or had significant functional limitations.

The ALJ concluded that Plaintiff's condition limited his ability to perform his past relevant work as a construction worker, but that considering his age, education, work experience, residual functional capacity, and all relevant symptoms, work existed in significant numbers in the national economy that Plaintiff could perform. As examples, the ALJ listed jobs such as surveillance system monitor, call out operator, and charge account clerk. As a result, the ALJ found Plaintiff to be not disabled.

In light of the evidence in the record, the ALJ was justified in reaching his conclusion that Plaintiff could perform work at all physical exertional levels and that there were a significant number of jobs available in the national economy that he could perform with his emotional limitations. We find no evidence in the record suggesting that Plaintiff was unable to perform such work; to the contrary, substantial evidence supports a finding that he was not disabled.

Civil No. 08-1085 (JAF)                                                    -6-

## III.

## Conclusion

In accordance with the foregoing, we find that the ALJ's disability determination was based on substantial evidence in the record and from the hearing. See 42 U.S.C. § 405(g). Consequently, we hereby **AFFIRM** the Commissioner's determination and **DENY** Plaintiff's petition, Docket No. 4.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of March, 2009.

```
                                  s/José Antonio Fusté
                                  JOSE ANTONIO FUSTE
                                  Chief U.S. District Judge
```